UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEBASTIAN VAZQUEZ-GAMEZ | No. 21 CR 683<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence of 60 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

**I.    Preliminary Advisory Sentencing Guidelines Calculation**

Defendant has requested a two-level reduction based on playing a minor role in the offense. As noted in the Presentence Investigation Report, it's the government's view that a load of 100 kilograms of cocaine would be given only to a trusted worker. That said, the government is unable to rebut the factual assertions made by defendant as to the timing and scope of his knowledge. And the government agrees that defendant is responsible only for the 100 kilograms that he transported. Accordingly, the government does not oppose the two-level reduction, which therefore results in a total offense level of 24. When combined with a criminal history category of I, defendant's range is 51 to 63 months' imprisonment.

**II.    The Defendant Should Receive a Sentence of 60 months in Prison**

A sentence of 60 months' imprisonment is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

### A.   Nature and Circumstances of the Offense

The details of the offense are set forth in the plea agreement, government's version, and the criminal complaint. In summary, at the direction of Individual A, defendant flew from Mexico to Houston by private jet. Once in Houston, defendant met with an individual who gave him 100 kilograms of cocaine, which defendant then transported to Chicago (via Gary) by jet. Once at the hotel in Chicago, defendant set aside 20 kilograms and delivered the other 80 kilograms to Rodrigo Jimenez-Perez.

### B.   History and Characteristics of Defendant

Unlike many defendants who come before the Court, defendant appears to have had a good childhood with a close family, two parents, and all his material needs met. Defendant worked regularly before his arrest, and he suffers from no substance abuse disorder. In sum, defendant's history and characteristics do not serve as strong mitigation in this case.

### C.   Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and defendant's sentence should reflect that. Cocaine is a dangerous drug that destroys lives and communities. Defendant sought to profit from that misery.

### III.   Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term

2

of supervised release of three years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the three-year term of supervised release include the conditions set forth below:

### A. Mandatory Conditions

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;
- Not unlawfully possess a controlled substance;
- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a); and

### B. Discretionary Conditions of Supervision

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);
- Report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment, and

- thereafter report to a probation officer at reasonable times as directed by the court or a probation officer. (Discretionary Condition #15);
- Permit the probation officer to visit the defendant at home, work, at school, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);
- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);
- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);
- Be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security (Discretionary Condition #21);

4

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Provide financial support to any dependent if financially able to do so (Discretionary Condition #1);

- Refrain from excessive use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);

- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

### IV. Conclusion

For the foregoing reasons, the government requests that the Court sentence Sebastian Vazquez-Gamez to 60 months' imprisonment.

               Respectfully submitted,

               JOHN R. LAUSCH, JR.
               United States Attorney

By:   /s/ *Andrew C. Erskine*
       ANDREW C. ERSKINE
       Assistant U.S. Attorney
       219 South Dearborn Street, 5th Floor
       Chicago, Illinois 60604
       (312) 353-1875

Dated: December 29, 2022