UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODRIGO ALEXIS JIMENEZ-PEREZ | No. 21 CR 683<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the reasons that follow, the government believes a sentence of 46 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

I. **Preliminary Advisory Sentencing Guidelines Calculation**

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 22 and his criminal history category is II, resulting in an advisory Guidelines range of 46 to 57 months' imprisonment.

II. **The Defendant Should Receive a Sentence of 46 months in Prison**

A sentence of 46 months' imprisonment is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

A. **Nature and Circumstances of the Offense**

In sum, sometime prior to November 3, 2021, defendant Jimenez-Perez agreed to conduct a money-pickup of approximately $30,000 in the area of Cincinnati, Ohio, at the request of codefendant Sergio Blas and on behalf of Individual A. Jimenez-

Perez believed the money to constitute drug proceeds, and he was paid approximately $500 for handling that pick-up.

Then, on or about November 3, 2021, Blas asked Jimenez-Perez to conduct another pick-up on behalf of Individual A, which Jimenez-Perez expected would involve cash drug proceeds or drugs, and Jimenez-Perez agreed to do so. Blas communicated by Facebook Messenger with Jimenez-Perez, providing information about the location and timing of the pick-up, and ultimately directing Jimenez-Perez to a hotel in downtown Chicago. Blas also told Jimenez-Perez that Jimenez-Perez would then transport and drop off the items in or around Indianapolis.

At approximately 9:14 p.m., Jimenez-Perez arrived at outside the Chicago hotel in a white Toyota Highlander, and met codefendant Sebastian Vazquez-Gamez. They worked together to two load two heavy suitcases—containing approximately 80 kilograms of cocaine, and which Jimenez-Perez knew contained either drugs or drug proceeds—into the rear hatch of the Toyota. Upon handling the suitcases and feeling their weight, Jimenez-Perez believed they contained marijuana or cocaine. Jimenez-Perez then drove away from the area of the hotel, dropping off Vazquez-Gamez nearby.

B.   **History and Characteristics of Defendant**

Defendant's criminal history is much less severe than that of some defendants who come before the Court. For example, defendant has never served a custodial

sentence. Still, in aggravation, defendant has a material number of past arrests and convictions for disturbing vehicle-related conduct.

In mitigation, defendant had a difficult childhood and suffered a variety of abuse.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

This is a serious offense and defendant's sentence should reflect that. Cocaine is a dangerous drug that destroys lives and communities. Defendant sought to profit from that misery.

## III. Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of three years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the three-year term of supervised release include the conditions set forth below:

### A. Mandatory Conditions

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;
- Not unlawfully possess a controlled substance;

- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a); and
- Refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

B. **Discretionary Conditions of Supervision**

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);
- Report to the probation office in the federal judicial district to which you are released within 72 hours of your release from imprisonment, and thereafter report to a probation officer at reasonable times as directed by the court or a probation officer. (Discretionary Condition #15);
- Permit the probation officer to visit the defendant at home, work, at school, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate

4

any contraband in plain view of the officer (Discretionary Condition #16);

- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);
- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);
- Be surrendered to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the Attorney General or the Secretary of the Department of Homeland Security (Discretionary Condition #21);
- Submit your person, property, house, residence, vehicle, papers [computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any

other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner (Discretionary Condition #23).

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Provide financial support to any dependent if financially able to do so (Discretionary Condition #1);
- Refrain from excessive use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);
- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

## IV. Conclusion

For the foregoing reasons, the government requests that the Court sentence Rodrigo Jimenez-Perez to 46 months' imprisonment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1875

Dated: January 4, 2023